IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| MICHAEL JEFFRIES WORCESTER, | ) | CASE NO. 1:18-CV-02690 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

## Introduction

Before me[1] is an action under 42 U.S.C. § 405 seeking judicial review of a 2018 decision by the Commissioner of Social Security that denied Michael Jeffries Worcester's application for supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4] Under terms of my initial orders[5] the

---

[1] The parties have consented to my exercise of jurisdiction. ECF No. 11.
[2] ECF No.1.
[3] ECF No. 9.
[4] ECF No. 10.
[5] ECF Nos. 6, 12.

1

parties have briefed their positions,[6] filed supplemental charts[7] and fact sheets,[8] and have participated in a telephonic oral argument.[9]

For the reasons stated below, the decision of the Commissioner will be affirmed.

**Facts**

The relevant facts are simply stated. Worcester filed for SSI benefits in 2015, alleging the onset of disability in 2005.[10] A prior application in 2012 was denied in 2014 and those findings are binding in the current case[11] However, as the ALJ observed, because of a change in the applicable law since that 2014 decision, the present case involves Worcester's entitlement to benefits for the period December 9, 2015 through the date of decision in 2018.[12]

In that regard, the ALJ determined that Worcester has the following severe impairments: antisocial personality traits with a history of maligning, mood disorder, anxiety disorder, disorders of the back and a history of drug abuse.[13] None of these

---

[6] ECF Nos. 15 (Worcester), 18 (Commissioner), 19 (Worcester reply).
[7] ECF No. 15, Attachment (Worcester).
[8] ECF No. 14 (Worcester), 15, Attachment (Commissioner).
[9] ECF No. 22.
[10] ECF No. 10 (Transcript) at 15.
[11] *Id*.
[12] *Id*.
[13] *Id*. at 18.

impairments were found to meet or equal a listing.[14] Only the mental limitations are at issue here.[15]

To that point, the ALJ considered Worcester's mental impairments under numerous listings.[16] Under the well-established rubric, a mental impairment meets or medically equals a listing if, under the "paragraph B" criteria, there is at least one extreme limitation or two marked limitations in certain areas of functioning, such as: (a) understanding, remembering or applying information; (b) interacting with others; (c) concentration, persistence and pace; or (d) adapting or managing oneself.[17] The ALJ found only moderate limitations in all of these areas.[18]

In formulating the RFC, the ALJ gave great weight to the mental functional opinions of state agency reviewers who concluded that Worcester could perform simple, routine tasks in a low-stress environment where he would have no more than superficial interpersonal interaction.[19] By contrast, the mental functional opinion of Dr. Aileen Hernandez, M.D., Worcester's treating psychiatrist, was given only little weight.[20]

The reasons given for the weight assigned to Dr. Hernandez's opinion were that it was not consistent with results of her examinations of Worcester that showed him to be

---

[14] *Id.*
[15] ECF No. 18 at 6, fn. 3.
[16] Tr. at 19 (citing listings 12.04, 12.06 and 12.08).
[17] *Id.*
[18] *Id.* at 19-20
[19] *Id.* at 24.
[20] *Id.* at 25.

"oriented and cooperative with [an] appropriate fund of knowledge, intact memory, normal speech, logical and organized thought process, and sustained attention and concentration."[21] Further, the ALJ found that the degree of limitations put forth by Dr. Hernandez "is not supported by [Worcester's] ability to engage in activities that included playing video games, using his iPad, playing cards and chess, managing his personal needs independently, shopping, using public transportation, and interacting with others with no difficulty."[22]

While acknowledging that Worcester's mental impairments do cause some limitations, the ALJ found that his RFC was for work at a medium exertional level with some additional physical and mental limitations. With the testimony of a VE, the ALJ found that Worcester could perform work as a store laborer, washer and hand packer,[23] and that jobs in these areas were available in sufficient numbers.[24]

Thus, Worcester was found not disabled and his application for benefits was denied.[25]

**Analysis**

This matter presents a single issue – whether the weight assigned to the functional opinion of Dr. Hernandez is supported by substantial evidence.[26] The question will be

---

[21] *Id*.
[22] *Id*. (citing record).
[23] *Id*. at 27.
[24] *Id*.
[25] *Id*. at 28.
[26] ECF No. 15 at 4.

evaluated under the well-known rules for substantial evidence and as to the assignment of weight for the opinion of a treating source.

Worcester's claims in this regard are that the ALJ improperly found that Dr. Hernandez's treatment notes do not support her opinion and that the ALJ improperly found that Worcester's ability to perform daily tasks in the structured environment of a group home are indicative of his ability to perform in a work setting.[27]

I note initially that, as noted above, the ALJ presented a more detailed review of Worcester's mental limitations in his discussion of whether these limitations met or equaled a listing.

Specifically, the ALJ explicitly acknowledges that Worcester had "slow mental processing," "often took a long time to process questions" and "sometimes showed poor or impaired fund of knowledge, impaired memory, and reported visual and auditory hallucinations."[28] Yet, the ALJ further noted that notwithstanding these limitations, Worcester still possesses an "appropriate fund of knowledge, intact memory, normal speech, logical and organized thought process, and no perceptible disturbances."[29]

Moreover, the ALJ acknowledged that Worcester "has difficulty following written instructions," "gets lost or misses appointments, and is agoraphobic."[30] But, the ALJ also

---

[27] *Id.* at 6-10.
[28] Tr. at 19.
[29] *Id.*
[30] *Id.*

noted that Worcester uses public transportation independently, shops in stores, shares a room and has a good relationship with a girlfriend and others in the group home.[31]

In addition, it must be noted that, in another area of the opinion, the ALJ discussed in detail Worcester's mental health situation from December 2015 forward. That record shows that, at times, Worcester was depressed, uncooperative, having nightmares and having tremors.[32] At another times, however, he denied having hallucinations, reported that his symptoms were under control and that he was doing better on his medications.[33] At times, he also a stable mood, appropriate affect and fair to good insight and judgment.[34]

In such a situation where there is evidence in the record to support different views, it may be argued that the ALJ "cherry-picked" the evidence favorable to a finding of no disability while ignoring evidence favorable to the claimant.[35] However, it seems incorrect to assert, as does Worcester, that the ALJ here "cited to the normal sections of several mental health examinations while ignoring the abnormal findings…."[36]

In fact, as set forth above, the ALJ, in several places, was careful to note both the findings favorable to Worcester and those that showed less severe limitations. Indeed, he credited the limitations to the extent of finding that they were "moderate," when evaluated

---

[31] *Id.*
[32] *Id.* at 23.
[33] *Id.*
[34] *Id.*
[35] See, e.g., ECF No. 19 (Worcester reply brief) at 1-2.
[36] *Id.* at 1.

together with the record evidence to the contrary.[37] Thus, in terms of articulating a reason that can be later reviewed, the ALJ here provided a logical path for his conclusions in this this regard.

I also note that this conclusion by the ALJ does not rest simply on his own evaluation of the potentially conflicting evidence, although the Commissioner plainly has the duty to resolve any such conflicts. Rather, the ALJ's reasoning was in line with that of the state agency reviewers, who also concluded that although Worcester has, at times, been "depressed, [with an] anxious mood, and slow mental processing," he also retained the functional capacity to do "simple, routine tasks in a low stress environment," where instructions and tasks can be explained, there is no fast pace or quotas, and with "no more than superficial" interpersonal interactions.[38]

Together, the ALJ's reliance on the functional opinion of the state agency reviewers, his detailed explanation and reasoning as to the evidence that could favor either side, and his right to resolve conflicts in the evidence, all provide substantial evidence for the decision to give reduced weight to the opinion of Dr, Hernandez and for the RFC that was adopted.

---

[37] Tr. at 19.
[38] Id. at 24.

## Conclusion

As such, and for the reasons stated, the decision of the Commissioner to deny Worcester's application for SSI benefits is affirmed.

IT IS SO ORDERED.

Dated: January 15, 2020                                         s/William H. Baughman Jr.
                                                                United States Magistrate Judge